Case 1:97-cv-00067   Document 13   Filed in TXSD on 11/19/1998   Page 1 of 8

*13*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

**NOV 2 0 1998**

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| CLARENCE PALMER | * | |
| VS | * | C.A. NO. B97 067 |
| GARY L. JOHNSON, DIRECTOR | * | |
| TEXAS DEPARTMENT OF CRIMINAL | | |
| JUSTICE, INSTITUTIONAL DIVISION | | |

CLARENCE PALMER, Pro Se

Attorney General (Edwin Sullivan, Assistant Attorney General),
Attorney for Respondent

## MEMORANDUM ORDER

Before this Court is CLARENCE PALMER's Petition for Writ of
Habeas Corpus filed pursuant to 28 U.S.C. §§ 2242, 2254.  Ordered
to respond, the TEXAS DEPARTMENT OF CRIMINAL JUSTICE has filed its
Motion for Summary Judgment.

This Court has read the parties' pleadings, considered the
issues raised in light of the record and applicable law, and is of
the opinion that Respondent's Motion for Summary Judgment should be
granted and this cause of action be dismissed with prejudice.  In

support of the aforementioned conclusion, this Court files the
following findings of fact and conclusions of law.

Findings of Fact

1.   CLARENCE PALMER was charged by indictment with murder.
     He entered a plea of not guilty and was tried by a jury,
     which on October 21, 1994, found him guilty.  The court
     assessed punishment at life imprisonment in the Texas
     Department of Criminal Justice, Institutional Division.

2.   PALMER's conviction was affirmed by the Thirteenth Court
     of Appeals of Texas on January 11, 1996.  Palmer v.
     State, No. 13-94-450-CR.  PALMER did not file a petition
     for discretionary review by the Texas Court of Criminal
     Appeals. PALMER has filed one state application for writ
     of habeas corpus challenging this conviction.  It was
     denied without written order on February 19, 1997.  Ex
     parte Palmer, Application No. 32,817-01 at cover.

3.   Trial testimony established the following:

          On December 27, 1993, CLARENCE PALMER and Clarence
          Mills were drinking beer out in the garage of Gale
          Srader's house in Brownsville, Texas.  The three
          men had been doing repair work on CLARENCE PALMER's
          roof earlier that day.  At one point, PALMER left
          the two other men in the garage and went inside
          Srader's house.  PALMER approached Irene Garza,
          Srader's wife, who was watching television in the
          living room.  PALMER appeared be to very upset and

CMPDF - www.fasoo.com

kept insisting that Irene knew about his wife's affair with "a long haired dude" but was "holding out on him."  However, Irene insisted that she knew nothing about any affair that PALMER's wife might be having.  During this discussion, PALMER unzipped his jacket and indicated to Irene that he was wearing a gun.

Irene quickly ran out to the garage and told her husband to take his friends and leave her house immediately, however, she did not explain to her husband why she wanted them to leave.  After the three men left in Gale Srader's van, Irene telephoned Mary Palmer at work and warned her to be careful because her husband believed she was having an affair with another man and seemed to be very upset.

After purchasing another six-pack of beer, the three men drove to the trailer to Candalario Santos, Jr., the man PALMER believed was having an affair with his wife.  Clarence Mills, aka Junior, knocked on Santos' door and asked the man to come outside.  After Santos had walked over to the van, PALMER   forced him into the back at gunpoint. PALMER told Gale Srader to drive out in the country because he wanted to have a "talk" with Santos. Realizing that PALMER had a gun, Srader did not argue and did as he was instructed.   Soon thereafter, Srader heard a gunshot and PALMER asking the question, "Did I hit you in the leg?  I hit you in the leg, didn't I?"  At that point, PALMER began to question the wounded man as to whether he had been sleeping with his wife.  At first, Santos denied the accusations but when asked by PALMER "How many nights have you slept in my bed?", Santos replied, "Just one."  Junior Mills, who had been riding in  the front passenger seat until that point, climbed into the back of the van and exclaimed, "Let me have some of that son-of-a-bitch."  Srader testified that, although he could not see what was happening in the back of his van, he heard Junior Mills state, "Pop him again."

Srader then heard the sound of another gunshot in
the back of the van. When the side door of the van
was opened, Gale Srader heard one more gunshot and
realized that Santos was no longer in the vehicle.
The next day, Gale Srader gave a statement to the
Brownsville police implicating CLARENCE PALMER and
Junior Mills in the murder of Candalario Santos,
Jr.

4.   In the instant § 2254 proceedings, Petitioner does not

dispute any of the facts developed at the trial but

raises the following contentions:

1.   PALMER's attorney rendered ineffective assistance.

2.   The admission of the confession made by a
codefendant violated PALMER's right to cross-
examine witnesses against him.

3.   PALMER was denied due process when the prosecution
allowed perjured testimony to be entered and failed
to correct it.

4.   The trial court erred when it included in the jury
charge a theory not alleged in the indictment.

## Conclusions of Law

1.   This Court has jurisdiction over the subject matter and

the parties pursuant to 28 U.S.C. §§ 2241, 2254. PALMER

has sufficiently exhausted his state remedies as required

by 28 U.S.C. § 2254(6)(c).

2.   Claims of ineffective assistance of counsel are to be

reviewed under the two-prong standard of <u>Strickland v.</u>

Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). Under that standard, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. Id., 466 U.S. at 687, 104 S.Ct. at 2064. In order to prove prejudice, the defendant must show that because of counsel's unprofessional errors, the result of the proceeding is "unreliable or fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 368, 113 S.Ct. 838, 842 (1993).

3.  PALMER claims that counsel was ineffective for failing to request an instruction as to co-defendant Mills' confession when it was admitted into evidence. In the instant case, Gale Srader was not charged with Santos' murder but instruction was given to the jury to determine, first, whether Srader was an accomplice, and, if he was found to be an accomplice, to then determine if there was additional evidence tending to connect Mills to PALMER to the offense. Ex parte PALMER, Application No. 32,817-01 at 49.

4.  PALMER also asserts that the trial court erred in admitting into evidence Officer Clough's testimony concerning Mills' statement because this statement was

hearsay and, as a result, violated PALMER's right to confrontation of witnesses against him. Ex parte Palmer, Application No. 32,817-01 at 13. However, Mills' statement to Officer Clough was admissible as an admission made by a party opponent. Tex.R.Crim.Evid. 801(e)(2).

5.  In his third ground for relief, PALMER claims that perjured testimony was used to convict him. Specifically, PALMER alleges that Mills' statement was coerced by the prosecution and that the court erred in allowing Officer Clough to testify regarding Mills' statement. PALMER further alleges that the officer had no personal knowledge as to Mills' statement and that no limiting instructions were given to the jury. If this Court were to assume *arguendo* that Officer Clough's testimony could even be considered contradictory, the law in this Circuit is clear. Contradictory testimony from witnesses, inconsistencies within a witness' testimony, and conflict between reports, written statements and the trial testimony of prosection witnesses do *not*, standing alone, establish perjury. See Koch v. Puckett, 907 F.2d 524, 531 (5th Cir. 1990). Moreover, to justify habeas

corpus relief on the knowing use of perjured testimony,
a petitioner must show that the state knowingly used
material perjured testimony. <u>Shaw v. Estelle</u>, 686 F.2d
273 (5th Cir. 1982), <u>citing</u> <u>Griffith v. United States</u>,
535 F.2d 320 (5th Cir. 1976). PALMER fails to meet this
stringent test.

6. In PALMER's final ground for relief, he claims that the
court's jury instructions at the guilt-innocence phase of
trial allowed conviction on a theory not alleged in the
indictment. We disagree. The Court of Appeals for the
Thirteenth District of Texas affirmed PALMER's conviction
and determined that, "based on the record, and
considering the instructions as a whole, we do not find
an abuse of discretion or that the presumption [that the
jury followed the instructions] has been rebutted." <u>Ex
Parte Palmer</u>, Application No. 32,817-01 at 44. Because
the State court's decision to deny relief was not based
on an unreasonable determination of the facts in light of
the evidence presented in the state court proceeding,
relief cannot be granted. 28 U.S.C. 2254(d)(1996).

Because of the foregoing, this Court **ORDERS** that:

    (1)  Respondent's Motion for Summary Judgment be **GRANTED**,

    (2)  Petitioner's Motion for Habeas Corpus be **DENIED**, and

    (3)  this cause of action be **DISMISSED with prejudice.**

DONE at Brownsville, Texas, this _____ day of November, 1998.

 

                                       Hilda G. Tagle
                           United States District Judge