UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 2 2 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| CLARENCE PALMER, § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. B-97-067 |
| GARY L. JOHNSON, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, INSTITUTIONAL DIVISION, § | |
| Respondent. § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Clarence Palmer (Palmer) requests a certificate of appealability pursuant to 28 U.S.C. §2253. For the reasons discussed below, Palmer's petition should be DENIED.

## BACKGROUND

Palmer is an inmate in the Wynne Unit it Huntsville, Texas. Palmer was convicted of murder on October 21, 1994, and sentenced to life imprisonment. *The State of Texas v. Clarence Palmer*, No. 94-304-C. The Thirteenth Court of Appeals affirmed Palmer's conviction on January 11, 1996. *Palmer v. State*, No. 13-94-450-CR. Palmer did not file a petition for discretionary review with the Texas Court of Criminal Appeals.

Palmer challenged his conviction in a state application for a writ of habeas corpus. *Ex Parte Palmer*, No. 32,817-01. The Texas Court of Criminal Appeals denied the petition on February 19, 1997. *Ex Parte Palmer*, No. 32,817-01 at cover. Petitioner also filed a federal application for a writ of habeas corpus pursuant to 28 U.S.C. §2254. The district court denied the petition on November 20, 1998. (Memorandum Order at 8), (Docket No. 13).

Petitioner wishes to appeal the denial of his federal writ to the Fifth Circuit, and has filed a motion requesting a certificate of appealability. Petitioner asserts the following grounds in support of his motion:

1

1. Counsel's failure to request an accomplice witness instruction with regard to a co-defendant's testimony violated Palmer's Sixth Amendment right to effective assistance of counsel;

2. Counsel's failure to request a limiting instruction with regard to a co-defendant's confession violated Palmer's Sixth Amendment right to effective assistance of counsel and his Sixth Amendment right to confront witnesses;

3. The prosecution's presentation of perjured testimony violated Palmer's Fourteenth Amendment right to due process;

4. The jury charge contained an offense that was not included in the indictment, violating Palmer's Fourteenth Amendment right to due process;

5. The court's admission of hearsay evidence violated Palmer's Sixth Amendment right to confront witnesses against him.

## ANALYSIS

### I. Accomplice Witness Instruction

Palmer asserts that counsel's failure to request an accomplice witness instruction with regard to a co-defendant's testimony violated his Sixth Amendment right to effective assistance of counsel.[1]

A petitioner must exhaust all state remedies before they can obtain federal habeas relief. *Sterling v. Scott,* 57 F.3d 451, 453 (5th Cir. 1995), 28 U.S.C. §2254. This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application. *Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir. 1997).

Here, Petitioner's complaint regarding an accomplice witness instruction was not presented to the state court. (Petition For Writ of Habeas Corpus of a Person in State Custody at 2-3, 5)(Docket No. 1). As such, under *Nobles,* Palmer presents a new legal theory in his federal application. *Nobles,* 127 F.3d at 420. Thus, he has not exhausted his state remedies, and Palmer

---

[1] Palmer's first and second grounds for relief apparently complain of the same error; the only difference being that Palmer distinguishes a limiting instruction from an accomplice instruction. For purposes of this report, they are treated as separate grounds for relief.

2

may not obtain federal habeas relief on this issue. Therefore, Palmer's request for a certificate of appealability on the grounds of counsel's failure to request an accomplice instruction should be DENIED.

### II.  Remaining Grounds

Palmer asserts that he is entitled to a certificate of appealability for violations of his Sixth and Fourteenth Amendment rights.

Section 2253 states that unless a circuit judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court. *Hicks v. Johnson,* 186 F.3d 634, 636 (5th Cir. 1999), 28 U.S.C. §2253(c)(1)(A).

Moreover, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *Hicks,* F.3d at 636, 28 U.S.C. 2253(c)(2). A "substantial showing" requires the applicant to demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *Id* at 636.

Here, each of the remaining four grounds Palmer asserts in support of his motion were previously raised in both his state and federal habeas petitions. (Petitioner's Motion for Request for Certificate of Appealability With Brief In Support at 3,5,7, 9-11), (Petition For Writ of Habeas Corpus of a Person in State Custody at 2-3, 5)(Docket No. 1). The federal district court held that none of these alleged errors violated Palmer's Sixth or Fourteenth Amendment rights; citing well-settled Supreme Court and Fifth Circuit authority. (Memorandum Order at 5-7)(Docket No.13).

Thus, none of Palmer's claims are debatable among jurists of reason, could be resolved by a court in a different manner, or deserve encouragement to proceed further. Therefore, Palmer has not made a substantial showing of the denial of a constitutional right, and his Motion for Request for Certificate of Appealability should be DENIED.

3

## RECOMMENDATION

For the reasons set forth above, Petitioner's Motion for a Certificate of Appealability should be DENIED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas this 21st day of October, 1999.

Felix Recio
United States Magistrate Judge

4