22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

DEC 0 2 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| CLARENCE PALMER, § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. B-97-067 |
| GARY L. JOHNSON, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, INSTITUTIONAL DIVISION, § | |
| Respondent. § | |

## ORDER

Petitioner requested a certificate of appealability after the district court denied his petition for habeas corpus. The Magistrate Judge recommended that the certificate of appealability be denied, and Petitioner filed objections to the Magistrate's recommendation.

A petitioner may be issued a certificate of appealability only where they have made a substantial showing of the denial of a constitutional right. *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999).

Here, Petitioner asserts the same grounds in support of his Motion for a Certificate of Appealability as he did in his habeas corpus petition:

1. Trial counsel's failure to request an accomplice witness instruction with regard to a co-defendant's testimony violated Palmer's Sixth Amendment right to effective assistance of counsel;

2. Trial counsel's failure to request a limiting instruction with regard to a co-defendant's confession violated Palmer's Sixth Amendment right to effective assistance of counsel and his Sixth Amendment right to confront witnesses;

3. The prosecution's presentation of perjured testimony violated Palmer's Fourteenth Amendment right to due process;

4. The jury charge contained an offense that was not included in the indictment, violating Palmer's Fourteenth Amendment right to due process;

5

    5.    The court's admission of hearsay evidence violated Palmer's Sixth Amendment right to confront witnesses against him.

Each of these grounds were rejected by the District Court Judge when presented in Petitioner's habeas petition:

The district court rejected Ground 1 and 2 because the "co-defendant" was not charged with a crime, thus he was not an accomplice and there was no need for accomplice witness limiting instruction;

The district court rejected Ground 3 because Petitioner could not show that the state knowingly used material perjured testimony as required by *Shaw v. Estelle*. *Shaw v. Estelle*, 686 F.2d 273 (5th Cir. 1982);

The district court rejected Ground 4 because the state court's decision to deny relief was not based on an unreasonable determination of the fact in light of the evidence presented in the state proceeding;

The district court rejected Ground 5 because the statement was admissible as an admission by a party opponent under TEX. R. CRIM. EVID. 801(e)(2).

The Court concluded that Petitioner's Sixth and Fourteenth Amendment rights had not been violated.

The Magistrate reasoned that since the grounds raised in the Motion for a Certificate of Appealability had already been determined to be constitutional by the District Court Judge, Petitioner failed to make a substantial showing of the denial of a constitutional right.

After consideration of both the Magistrate's Recommendation and Petitioner's Objections to the Recommendation,

1.     Petitioner's Motion for Request for Certificate of Appealability (Docket No. 17) is hereby DENIED;

2.     The Magistrate Judge's Report and Recommendation (Docket No. 18) is hereby ADOPTED.

6

DONE in Brownsville, Texas on this 2 day of December, 1999.

_____
Hilda Tagle,
United States District Judge

7

ClibPDF - www.fastio.com