IN THE UNITED STATES COURT
OF APPEALS FOR THE FIFTH CIRCUIT
NEW ORLEANS, LA 70130

United States District Court
Southern District of Texas
FILED

AUG 0 7 2002

Michael N. Milby
Clerk of Court

APPEAL NO. 99-41132
DISTRICT COURT NO. B-97-CV-67

IN RE - CLARENCE PALMER - PLAINTIFF

V

JANIE COCKRELL - RESPONDENT

IN RE PETITIONER'S NOTICE OF APPEAL
TO THE UNITED STATES COURT OF APPEALS,
FIFTH CIRCUIT

The listed Parties above have an interest in this suit and are listed for the purposes of recusal.

Respectfully submitted,

Mr. Clarence Palmer #694771
John M. Wynne Unit
Huntsville, TX   77349-0001

IN THE UNITED STATE COURT OF APPEALS
FOR THE FIFTH CIRCUIT
NEW ORLEANS L.A.

United States District Court
Southern District of Texas
FILED

AUG 0 7 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CLARENCE PALMER<br>**PLAINTIFF** | § § § § | |
| V. | § § | CIVIL ACTION<br>NO. **B97067** |
| JANNIE COCKRELL<br>DIRECTOR OF T.D.C.J-I.D.,<br>**RESPONDENT** | § § § § § § | |

**NOTICE OF APPEAL**
ββββββββββββββββββββββββββββββββββββββββββββββββββββββββββ

TO: THE HONORABLE JUDGE OF THE U.S. COURT OF APPEALS:

Notice is hereby given that Clarence Palmer pro se, hereafter referred to as Plaintiff in the above name case, hereby appeal to the United States Court of Appeals for the Fifth Circuit.

I.

Plaintiff in the above captioned cause hereby, appeals to the United States Court of Appeals for the Fifth Circuit, from a final judgement in the United States District Court for the Southern District of Texas at Brownsville, Texas, entered on the 19th. day of July 2002.

**JURISDICTIONAL MATTERS:**

This Honorable Court has its jurisdiction over the parties and subject matter pursuant to F.R.C.P. RULE 22(c) and Title 28 U.S.C. § 2253(c).

II.

Plaintiff has sufficiently exhausted his state remedies as required by Title 28 U.S.C. § 2254(b) and (c), with regards to the issues presented in this request for Certificate of Appealability with brief in support.

III.

Plaintiff was denied his request for a Certificate of Appealability by the District Court on December 2, 1999.

IV.

Plaintiff was denied a final Judgment in accord with rule 58 of the Fed.R.Civ.Pro., as ordered by this Honorable Court to procure before the Certificate of Appealability could be entertained by this Honorable Court.

3

**V.**

Plaintiff denies each and every ruling made by the Courts below that are not supported by the records and federal law as determined by the Supreme Court of the United States.

**VI.**

Plaintiff will show this Honorable Court there has been different decisions by other Court (as many as three (3))), have ruled differently or who have made conflicting decisions on each point of error, exemplifying the case deserves further consideration, or there are Jurist who would rule differently.

**VII.**

Plaintiff will also present to this Honorable Court the original grounds for relief and summary of each.

**VIII.**

Unless a Circuit Judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from a final order and judgment in a habeas corpus proceedings in which the detention complained of arises out of process issued by a state court.

4

Moreover, a certificate of appealability may issue if the Plaintiff has made a substantial showing of the denial of a constitutional right. A "substantial showing" requires the Plaintiff to demonstrate that the issues are debatable among Jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. <u>Hicks v Johnson, 186 F.3d. 634.</u>

IX.

Plaintiff asserts that he is entitled to the a certificate of appealability due to the violations of his Sixth and Fourteenth Amendment rights by and through the State Court, the U.S. District Court Magistrate's findings of facts, Conclusions of law and recommendations to the Judge, and the Judge's adoptions of the same.

X.

**Summary of Opinion and Court Rulings in Case at Hand:**

**ERROR NUMBER ONE:**
1. The memorandum order does not respond to Co-defendant Mills as to the accomplice instructions.

The Magistrate's findings of facts and conclusions in one and two were both were new theories and were the same error. Therefore, Plaintiff has not exhausted his state remedies.

The District Court concluded that Co-defendant was not charged thus accomplice limiting instructions was not necessary.

2. The facts not applied to the evidence by the Courts were errors one and two were raised in both Plaintiff's state and federal habeas petitions. (see docket no. 1). Error numbers one and two are not new theories.

Co-defendant Mills was charged on the same indictment as Plaintiff, he was found guilty and sentenced to 12 years in T.D.C.J-I.D. Thus, an accomplice witness instruction was necessary at a joint trial.

**ERROR NUMBER TWO:**

3. The Court elected to discuss error one and two together, saying, the two are the same error.

4. Facts not applied to the evidence by the Courts.

1. Plaintiff contends error one and two are not the same, accomplice witness and limiting instructions are in some cases closely related however, in the present case they are not.

Limiting instruction in this case is not referring to co-defendant Miles, but to his confession testified to by a police officer. Co-defendant Miles himself, at the joint trial did not take the stand, this deprived the Plaintiff the rights to confrontation.

The failure of the trial court to give limiting instruction not to consider the Co-defendant's confession as

any evidence of Plaintiff's guilt upon timely request, has respectfully been held to be reversible error. See <u>Evans 534 S.W.2d. 707 (Tex.Crim.App. 1976)</u>.

It is then only elementary that counsel's failure to request limiting instructions, when necessitated by the facts, is ineffective assistance of counsel and <u>deprives Plaintiff of his right to confrontation.</u> Not to mention, the compounding effect of the Co-defendant's confession submitted for use against the Plaintiff as well, this was to support the state's theory for a guilty verdict.

**ERROR NUMBER THREE:**

5. The state courts, the U.S. Magistrate Judge and the U.S. District Judge agreed that the Plaintiff failed to show the state knowingly used perjured testimony.

6. Facts not applied to the evidence by the court.

1. The Prosecutor coerced MIlls' confession from the officer even after being told by the officer, he was not the author of Mills' statement. (S.O.F. pg. 367, line 9-14). From the time the prosecutor said; "I'm going to show you what we have marked as state's exhibit # 28. I'm going to ask you to take a look at this three page statement. Do you recognize it?" He was fully aware of what he was doing. The officer was holding this statement in his hand. They were talking about Mills' statement taken by another police officer. (S.O.F. pg. 364 line 14, page 371 line 15, pg 456 line 7-17). After making the jury aware of Mills' confession the Prosecutor, in Chambers withdrew his

motion to place Mills' confession into evidence. Even with the withdrawal, the jury still had an occasion to be made aware that the Co-defendant admitted guilt. This an age old trick of attorneys on both sides of the table, once the bell has been rung it can not be un-rung, it was to late to close the barn door with the horse already gone.

Plaintiff contends, unless the prosecutor was incompetent, and he wasn't, he knowingly and craftily presented perjured testimony.

7. **ERROR NUMBER FOUR:**
1. The State Courts, the Magistrate and the Judge below reasoned that this error had been before the Texas Court of Appeals for the 13th. District.
8. Facts not applied to the evidence by the courts.
1. Error number four was presented for the first time in Plaintiff's state writ of habeas corpus viz article 11.07 T.C.C.P.
9. **ERROR NUMBER FIVE:**
1. The courts below from the state to the federal district court were all of the opinion the officer was testifying as to what Mills had told him. Thus, making it admissible as admission made by party opponent. (Tex.R.Crim.Evid. 801(e)(2).
10. Facts not applied to the evidence by the courts.
1. Even if the statement was admissible as a party opponent under rule 801(e)(2), T.R.C.E., the law states: "Where two defendants are tried jointly, the pretrial confession of one can

not be admitted against the other, unless the confessing defendant takes the stand and/or instructions are given." In the case at bar, Co-defendant Mills, <u>did not take the stand and no instructions were given,</u> thus, making the statement inadmissible hearsay, <u>and denied the Plaintiff his Constitutional rights to confrontation.</u>

In joint trials the confrontation clause precludes the admissibility of evidence that would otherwise, be admissible under an exception of the hearsay rule.

11.     **ORIGINAL GROUNDS FOR RELIEF AND SUMMARY OF EACH:**

**Ground of Error Number One**

1. Plaintiff received ineffective assistance of counsel when counsel failed to ask for accomplice witness instructions as to Co-defendant being an accomplice, denying Plaintiff his rights guaranteed by the 6th., Amendment of the United States Constitution.

An accomplice witness instruction would have instructing the jury in this <u>joint trial</u> that the accomplice, Mills' confession could not be considered as evidence against the Plaintiff, considering the fact that the jury could have, also, found Srader, the only evidence against the Plaintiff, to have been an accomplice.

Counsel's failure to ask for the accomplice witness instruction as for Mills in this case was ineffective assistance of counsel.

### Ground of Error Number Two:

2. Plaintiff received ineffective assistance of counsel when counsel failed to ask for limiting instructions as to the use of Co-defendant's confession, when Co-defendant did not take the stand, depriving Plaintiff of his Constitutional rights to confrontation as guaranteed by the 6th., Amendment.

Co-defendant's signed confession, testified to by a police officer, not the author of Co-defendant's statement, and the fact that the Co-defendant did not take the witness stand, at the <u>joint trial</u> without any limiting instruction that the same could in no way be considered as evidence against Plaintiff deprived the Plaintiff of his rights to <u>confrontation</u>, and in case the jury found Srader to have been an accomplice there would then be no evidence for the jury to consider.

### Ground of Error Number Three:

3. The Prosecutor failed his Constitutional duty to correct known perjurious testimony provided by state witness denying Plaintiff his Constitutional rights of Due Process as guaranteed by the 14th. Amendment. U.S.C.A. Amend 14.

Clear and simple, as soon as the police officer was handed the Co-defendant's statement, he stated, "this statement was taken by detective Pineda." However, the officer was coerced until the contents of Co-defendant's statements was heard by the jury. Statement of facts, page 367 line 21. [Any material presented before the jury is considered evidence].

### Ground of Error Number Four

4. The trial court committed fundamental error when it provided in the charge to the jury a theory not alleged in the indictment depriving Plaintiff of a fair and impartial trial and due process, V.AC.C.P Art. 36.14-36.16.

After Co-defendant's statement of guilt had been testified to by a police officer; the Court, in its charge to the jury, in jury charge number six, in essence stated that, you **must** first find the Plaintiff guilty and the Co-defendant aided, wereas the Co-defendant had already admitted guilt and this testimony, in a <u>joint trial</u> should have been used only against the one making the statement unless the one making the statement take the stand and in the case at hand neither party took the stand and Plaintiff made no statements. In fact, the jury knowing of Co-defendant's statement was forced to find Plaintiff guilt in order to find the Co-defendant guilty. The Court failed to apply the law to the facts of the case, Article 36.14 V.A.C.C.P.

**Ground of Error number Five:**

The trial court committed reversible error in admitting into evidence the statement of Co-defendant which clearly implicated the Plaintiff in the commission of murder, said statement being hearsay and denied Plaintiff of his Constitutional Right to Confrontation of witness. U.S.C.A. Const. Amend. 6 .

Clear and simple, the court, in a <u>joint trial</u>, allowed a police officer to introduce into evidence Co-defendant's confession admitting guilt as well as inculpating the Plaintiff. Where as the Co-defendant did not take the stand. No instruction was given to the jury as to "if" or "how" this evidence should be used.

**CONCLUSION:**

In deciding the case at hand the court has failed to conscientiously review the records. Neither the District nor the Magistrate's court ruled on error number four, both incorrectly stating, it had been before the Court previously. There is inconsistency in every other opinion also. Thus, what the Plaintiff has received amount to a bunch of rhetoric and by no means a fair review of Plaintiff's case.

Four of the important facts seemingly overlooked by ;the Courts are:

1.  Plaintiff had a joint trial,

2.  Co-defendant was charged and convicted,

3.  No new theories were presented,

4.  None of the errors were presented to a state court of appeals.

Taking into account the above facts there are no doubt the aforementioned issues are debatable among jurist of reason and a court could very well resolve these issues in a different manner.

Plaintiff contends, the "substantial showing" requirement have been met and a Certificate of Appealability should be granted by the Court Judge.

Plaintiff pray Certificate of Appealability be granted.

Respectfully Submitted

Mr. Clarence Palmer, # 694771
Wynne Unit
Huntsville, Texas 77349-0001

## DECLARATION

I, Mr. Clarence Palmer #694771, a prisoner, and Plaintiff herein, states under the penalty of perjury and the authority of Title 28 U.S.C.A. § 1746, on this the 2nd., day of August 2002, the foregoing is true and correct.

Respectfully submitted,

Mr. Clarence Palmer #694771
Wynne Unit
Huntsville, TX 77349-0001


## CERTIFICATE OF SERVICE

I, Mr. Clarence Palmer #694771, Plaintiff herein, do certify that a true and correct copy of the foregoing has been served upon the Respondent's attorney of record, the Attorney General of the State of Texas Mr. John Cornyn at P.O. Box #12548, Capitol Station, Austin, texas 78711-2548, on this the 2nd., day of August 2002, by placing the same in the U.S. Mail, postage pre-paid.

Respectfully submitted,

Mr. Clarence Palmer #694771
Wynne Unit
Huntsville, TX 77349-0001