IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-40745
USDC No. B-97-CV-67

United States District Court
Southern District of Texas
FILED

AUG 21 2002

Michael N. Milby
Clerk of Court

IN RE:

CLARENCE PALMER,

Petitioner.

Petition for a Writ of Mandamus
to the United States District Court
for the Southern District of Texas

U.S. COURT OF APPEALS
FILED
AUG - 6 2002
CHARLES R. FULBRUGE III
CLERK

Before DUHÉ, WIENER, and PARKER, Circuit Judges.

BY THE COURT:

   Clarence Palmer, Texas prisoner #694771, has filed in this court a pro se petition for a writ of mandamus. Palmer complains that the district court entered a memorandum order denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus on November 20, 1998, but failed to enter a final judgment in a separate document as required by FED. R. CIV. P. 58. Palmer points out that a panel of this court dismissed his appeal from the November 20, 1998, memorandum order because the district court had not entered a final judgment as a separate document. The panel stated that Palmer's notice of appeal, filed on September 21, 1999, would be untimely if the November 20, 1998, memorandum order were treated as a FED. R. CIV. P. 58 judgment. The panel further stated that

No. 02-40745
- 2 -

Palmer could rectify the lack of a FED. R. CIV. P. 58 judgment by filing a motion in district court. On April 23, 2002, Palmer filed a motion in district court requesting the entry of a final judgment. The district court denied his motion. Palmer asks that we compel the district court to enter a final judgment pursuant to FED. R. CIV. P. 58 so that he can appeal the denial of his habeas corpus petition.

The mandamus remedy is an extraordinary one, granted only in the clearest and most compelling cases in which a party seeking mandamus shows that no other adequate means exist to attain the requested relief and that the right to the issuance of the writ is "clear and indisputable." In re Willy, 831 F.2d 545, 549 (5th Cir. 1987).

On July 18, 2002, the district court complied with the requirements of FED. R. CIV. P. 58 by entering a final judgment denying Palmer's habeas petition. Accordingly, Palmer's request for mandamus relief is moot. If Palmer is dissatisfied with the denial of his habeas petition, his appropriate remedy is to file a notice of appeal from the final judgment and raise his concerns before this court in a motion for a certificate of appealability, and if it is granted, on appeal.

The petition for a writ of mandamus is DENIED.

A true copy
Test
Clerk, U. S. Court of Appeals, Fifth Circuit
By _JB Rogers_ Deputy   AUG - 6 2002
New Orleans, Louisiana