IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41136
USDC No. B-97-CV-67

CLARENCE PALMER,

                  Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                  Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
--------------------

O R D E R:

    Clarence Palmer, Texas prisoner # 694771, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 petition challenging his murder conviction. In order to obtain a COA, Palmer must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

    Palmer asserts that the district court erred in admitting his codefendant's inculpatory confession at a joint trial without instructing the jury that the confession could not be considered as evidence against Palmer. He also contends that trial counsel rendered ineffective assistance by not requesting accomplice and limiting instructions with respect to the confession. Even if it

O R D E R
No. 02-41136
- 2 -

is assumed that the trial court erred in admitting evidence, the error was harmless, as "otherwise ample evidence" existed in the record to support Palmer's conviction. <u>United States v. Vejar-Urias</u>, 165 F.3d 337, 340 (5th Cir. 1999). Likewise, assuming *arguendo* that counsel rendered deficient performance by not requesting limiting instructions, Palmer has not shown prejudice arising from that failure. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 689-94 (1984).

Palmer contends that the prosecutor knowingly used perjured testimony. He has not established that the evidence in question was either false or material. <u>Goodwin v. Johnson</u>, 132 F.3d 162, 185 (5th Cir. 1997).

Palmer maintains that the trial court improperly charged the jury on a theory not alleged in the indictment. Because Palmer was convicted of the offense with which he was charged in the indictment, and the jury instructions tracked that offense, he is not entitled to habeas relief. <u>See</u> <u>Tarpley v. Estelle</u>, 703 F.2d 157, 160-61 (5th Cir. 1983).

Palmer has not established that the state court' rulings that were "an unreasonable application of[] clearly established Federal law, as determined by the Supreme Court of the United States," or that reasonable jurists would find it debatable that the district court erred in denying relief on his habeas

O R D E R
No. 02-41136
- 3 -

petition. Consequently, COA is DENIED. See 28 U.S.C. § 2254(d); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

_____
HAROLD R. DeMOSS, JR.
UNITED STATES CIRCUIT JUDGE

A true copy
Test
Clerk, U.S. Court of Appeals, Fifth Circuit
By_____
Deputy
New Orleans, Louisiana